UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS C.M.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>　　　　Respondents. | No. 1:25-cv-02043-TLN-EFB<br><br><br>**ORDER** |

This matter is before the Court on Petitioner Elias C.M.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On January 16, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 11.) The Court ordered Respondents to show cause why the TRO should not be converted into a preliminary injunction. (*Id.*) Respondents filed an opposition to the motion and a return to the habeas petition in which they state their non-opposition to converting the motion for a TRO into a motion for preliminary injunction and note that if the Court is inclined to grant a preliminary injunction, judicial economy counsels this Court should go forward and enter final judgment on the merits. (ECF No. 13.) Petitioner did not file a reply. For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.  (ECF No. 1.)  The Court incorporates the factual background set forth in full in the Court's January 16, 2026 order granting Petitioner's motion for a TRO.  (ECF No. 11.)  Respondents do not contest the accuracy of these facts.  (*See generally* ECF No. 13.)

Petitioner filed the instant petition for writ of habeas corpus on December 29, 2025.  (ECF No. 1.)  Petitioner challenges his detention as violating his due process rights.  (*Id.* at 16–17.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims that his continued detention without notice or a hearing violates his due process rights.  (ECF No. 1 at 16–17.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether

their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released on parole in 2021. (ECF No. 10-5 at 4.) This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *See Morrissey*, 408 U.S. at 482. There is no indication Petitioner violated those terms. (*See generally* ECF No. 10-8.) Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

As to step two, the Court has considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and finds that Petitioner was entitled to notice and a hearing determine whether his re-detention was warranted. First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him. Second, the risk of this interest being erroneously deprived is considerable because Petitioner received virtually no procedural safeguards. Third, the Government has shown no legitimate interest in Petitioner's detention, and the cost and time of procedural safeguards are minimal. Upon consideration of these factors, the Court thus finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted. He received neither. Petitioner's detention therefore violates due process.

In response to the order to show cause, Respondents argue Petitioner is an "applicant for admission" and therefore subject to the mandatory detention framework of 8 U.S.C. § 1225(b)(2). (ECF No. 13 at 2.)  This argument is not persuasive.  The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2).  *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3(E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  For these reasons, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).

Accordingly, the Court finds Petitioner's detention without notice or a hearing violates due process.  The Court GRANTS Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1.)

**IV.   CONCLUSION**

IT IS HEREBY ORDERED:

1.   Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.   Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where Respondents show: (a) material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger

to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: February 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5